DECISION
Calvin Lee Golsby was indicted on August 27, 1997 on a single count of burglary, in violation of R.C. 2911.12. On May 18, 1998, he entered a guilty plea to the charge in the indictment. He was already in community control when he entered the plea, but the trial court had an investigation done to determine if he could remain in community control. On July 1, 1998, he was sentenced to a period of intensive community control for five years. He was required to receive drug treatment and to complete a program with the Salvation Army in Cleveland. As a result, he was released from the Franklin County Correctional system on July 9, 1998 so that he could be transported to Cleveland to begin the program.
On October 14, 1998, a probation officer filed a request for revocation of probation and statement of violation. The probation officer alleged that Mr. Golsby had been unsuccessfully terminated from the Salvation Army program and had been unable to complete the drug treatment program. On October 23, 1998, a probable cause hearing was conducted. On November 6, 1998, the trial judge ordered that the community control be revoked and that a prison sentence be imposed. Faced with the options of sentencing Mr. Golsby to two, three, four, five, six, seven or eight years of incarceration, the trial judge imposed a sentence of four years and gave three hundred sixty-two days of jail credit.
Mr. Golsby has now pursued a direct appeal, assigning three errors for our consideration:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED MR. GOLSBY'S RIGHTS TO DUE PROCESS AND TO CONFRONT WITNESSES AGAINST HIM UNDER THE OHIO AND UNITED STATES CONSTITUTIONS WHEN IT REVOKED HIS COMMUNITY CONTROL SANCTION AND SENTENCED HIM TO A FOUR-YEAR PRISON TERM PURSUANT TO A HEARING WHICH FAILED TO ACCORD MR. GOLSBY THE MINIMUM REQUIREMENTS OF PROCEDURAL DUE PROCESS.
SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED MR. GOLSBY'S RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS AND IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT SENTENCED MR. GOLSBY TO A FOUR-YEAR PRISON TERM FOR A MINOR, NONCRIMINAL VIOLATION OF HIS COMMUNITY CONTROL SANCTIONS.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT VIOLATED MR. GOLSBY'S RIGHT TO DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS AND IMPOSED A SENTENCE CONTRARY TO LAW WHEN IT IMPOSED A LONGER SENTENCE BASED UPON A FACTOR WHICH THE COURT COULD NOT PROPERLY CONSIDER WHEN SENTENCING MR. GOLSBY TO A PRISON TERM FOR A MINOR, NONCRIMINAL VIOLATION OF HIS COMMUNITY CONTROL SANCTIONS.
On November 6, 1998, the trial court revoked Mr. Golsby's community control despite the fact that no evidence was presented. The assistant prosecuting attorney who was present on November 6 requested a continuance to obtain the presence of a witness who had not appeared despite being subpoenaed. The trial judge proceeded to revoke community control without taking evidence. This is not a permissible way to conduct the evidentiary hearing required by Gagnon v. Scarpelli (1973),411 U.S. 778.
The first assignment of error is sustained.
The second and third assignments of error are overruled. The trial court was sentencing Mr. Golsby for violating the burglary statute, not for using a shirt. The trial court could consider all pertinent information, including Mr. Golsby's past record and his inability to remain in the Salvation Army program for even four months.
As a result of the foregoing, the judgment of the trial court is vacated. The cause is remanded for appropriate proceedings.
Judgment vacated and cause remanded.
PETREE and BOWMAN, JJ., concur.